## SERVICE BY PUBLICATION TO ENFORCE CONTRACT FOR SALE OF REAL ESTATE.

[Circuit Court of Cuyahoga County.]

ALBERT SAFARIK v. JOSEPH GREENWALD ET AL.

Decided, June 1, 1903.

*Jurisdiction—Specific Performance—Service by Publication—Motion to Dismiss on Ground that Defendants were not the Owners.*

1. An ·action to compel the specific performance of a contract of sale of real estate may be brought in the county where the land lies, or where the defendants, or any one of them, reside.

2. Jurisdiction, obtained by publication in such a case, is not defeated by a motion to dismiss for want of legal service, supported by an affidavit that the defendants were not the owners of the land when the petition was filed, for in so far as service is concerned it is immaterial whether or not they were the owners of the land, and were this not true, title or lack of title to real estate is not proved by affidavit.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

Plaintiff filed a petition in the Common Pleas Court of Cuyahoga County to compel the specific performance of a contract of sale of real estate situated in said county. Attached to the petition is an affidavit setting forth the nature of the action, the location of the land in Cuyahoga county, and the non-residence of the defendants who, it is stated, reside in Whiting, Indiana.

While not required by statute to do so, plaintiff also filed a motion that the court permit and allow service by publication, attaching to his motion an affidavit similar to the one attached to the petition. This motion was granted, publication of notice was made for six weeks, and proof thereof filed.

Thereafter defendants, appearing for the purpose of the motion only, moved the court to set aside the order for publication and "to dismiss the cause for want of proper and legal service and for want of jurisdiction as appears from the affidavit herewith." Said affidavit is to the effect that the defendants were not the owners

of the property described in the petition at the time that it was filed, nor have they since been.

This motion of the defendants was granted, and the case comes into this court on petition in error to reverse said order of the common pleas court.

Section 5024, R. S. O., provides:

"An action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants, or any of them, reside."

The Supreme Court, in the case of *Owens v. Hall,* 13 O. S., 571, held that such action may be brought either in the county where the land lies, or in that where one of the defendants resides.

Section 5048, R. S. O., reads:

"Service may be had by publication in either of the following cases:

"1. In actions under the first three sections of the last chapter, when the defendant resides out of the state, or his residence can not be ascertained."

(Section 5024 is the third section of the "last chapter" above referred to).

It therefore appears that this action was rightly brought in Cuyahoga county, and that the defendants, being non-residents of the state, service might properly be made by publication. So far as service is concerned, it is immaterial whether defendants were owners of the property when the petition was filed, or not.

That fact, if proved as a defense to the action, might render a decree for specific performance ineffectual, particularly so if a third person not party to the action was in possession under claim of ownership. It may also be observed that title to real estate, or lack of title, for that matter, is not proved by affidavit.

For error in granting the motion of defendants to dismiss the cause for want of service, the judgment is reversed.

*Myler & Turney,* for plaintiff in error.

*F. C. Friend,* for defendants in error.